UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| |
|---|
| MPIANI KWAKU SARPONG,<br><br>                    Plaintiff,<br><br>         -against-<br><br>HOWARD COUNTY DETENTION CENTER, et al.,<br><br>                    Defendants. |

1:24-CV-5853 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Mpiani Kwaku Sarpong, who alleges that he is currently held as an immigration detainee in the Howard County Detention Center ("HCDC"), in Jessup, Maryland, brings this action *pro se*. He sues: (1) the HCDC; (2) the Maryland Department of Transportation; (3) "EZ Storage"; (4) Cube Smart Self Storage; and (5) the "Columbia Landing Apartments Leasing Center." Plaintiff alleges that all of the defendants are located within the State of Maryland. For the following reasons, the Court transfers this action to the United States District Court for the District of Maryland.

## DISCUSSION

The appropriate venue provision for Plaintiff's claims appears to be 28 U.S.C. § 1391(b). Under that provision, a federal civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a

defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. § 1391(c)(1), (2).

Plaintiff alleges that all of the defendants are located within the State of Maryland, which constitutes one judicial district, the District of Maryland. *See* 28 U.S.C. § 100. Thus, it would seem that, for venue purposes, all of the defendants reside within District of Maryland, and that the United States District Court for the District of Maryland is a proper venue for this action under Section 1391(b)(1). Moreover, because it is clear that none of the defendants are alleged to reside anywhere within the State of New York, let alone, within this judicial district, this court is not a proper venue for this action under Section 1391(b)(1).[1]

Plaintiff also alleges that the events that are the bases for his claims have occurred within the State of Maryland. Thus, additionally, under Section 1391(b)(2), the United States District Court for the District of Maryland is a proper venue for this action. As Plaintiff asserts nothing to suggest that any of the alleged events occurred within this judicial district, this court is not a proper venue for this action under Section 1391(b)(2).

Under 28 U.S.C. § 1406(a), if a plaintiff files an action in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). As discussed above, venue lies in the United States District Court for the District of Maryland. In the interest of justice, this Court transfers this action to that court. *See id*.

---

[1] The judicial district for this court, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan);(2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the District of Maryland. *See* 28 U.S.C. § 1406(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. Summonses shall not issue from this court. This order closes this action in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   August 2, 2024
         New York, New York

                                                  /s/ Laura Taylor Swain
                                                  LAURA TAYLOR SWAIN
                                            Chief United States District Judge